1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                      AT SEATTLE
9

10    ED HARTMAN, et al.,                          CASE NO. C11-1753JLR

11                      Plaintiffs,                ORDER DENYING PLAINTIFFS'
                                                   MOTION TO SUPPLEMENT THE
12           v.                                    RECORD ON CLASS
                                                   CERTIFICATION
13    UNITED BANK CARD INC., et al.,

14                      Defendants.

15                            I.      INTRODUCTION

16           Before the court is Plaintiffs' motion to supplement the record with respect to their

17    motion for class certification (Dkt. # 77).  Plaintiffs filed this motion one day after the

18    court held oral argument with respect to their class certification motion (Dkt. # 36), and

19    after the court had already signed its order denying class certification.[1]  The court has

20    _____

21           [1] Although the clerk's office did not post the court's order on the court's electronic
      CM/ECF docket until October 5, 2012, the court signed its order on October 4, 2012.  (*See*
22    10/4/12 Order (Dkt. # 81) at 34.)

ORDER- 1

reviewed Plaintiffs' motion, the accompanying declarations (Dkt. ## 78, 79, 80), and the

governing law.  Being fully advised, the court DENIES the motion because it was filed

without good cause in violation of the court's scheduling order and because it is MOOT.

## II.    ANALYSIS

### A.  Plaintiffs Do Not Demonstrate Good Cause to Modify the Court's Scheduling Order

In its order denying Defendant International Payment Sytems, Inc.'s ("IPS")

motion to dismiss the complaint, the court set forth its scheduling order with regard to

Plaintiffs' motion for class certification.  (3/23/12 Order (Dkt. # 34) at 11-12.)  Pursuant

to that scheduling order, the parties were to complete class discovery no later than 50

days from the date of that order, and Plaintiffs were to file their motion for class

certification within sixty days of that order.  (*Id.* at 11.)  Plaintiffs are correct that "[a]n

order that grants or denies class certification may be altered or amended before final

judgment."  Fed. R. Civ. P. 23(c)(1)(C).  Nevertheless, Plaintiffs' motion to supplement

the record with respect to their class certification motion, which was filed nearly four

months after their motion was due, is contrary to the court's scheduling order.  Pursuant

to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may only be modified

for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

Plaintiffs have failed to establish the requisite "good cause."  Initially, the court

notes that Plaintiffs' assertion that they were unaware that the evidence they submitted in

support of class certification might be of concern to the court (*see* Mot. at 2) is belied by

the record.  The problem is not that Plaintiffs' counsel was unaware of the issues

1  surrounding the evidence upon which they relied, but rather that they failed to take the

2  issue seriously and respond appropriately.  Plaintiffs admitted in their class certification

3  motion that based on their analysis of the evidence the number of calls they alleged as

4  within their putative class was "slightly high," and they committed to refine the number

5  in their reply memorandum.  (Class Cert. Mot. (Dkt. # 36) at 4, n.1.)  Further, both

6  Defendants United Bank Card, Inc. ("UBC") and IPS challenged the quality and

7  admissibility of the evidence submitted by Plaintiffs.  (UBC Resp. (Dkt. # 52) at 6-7

8  (motion to strike); IPS Resp. (Dkt. # 49) at 2, n.1 ("IPS joins in UBC's objection to

9  plaintiffs' speculative assertions of fact with respect to Connectel [sic] records, joins in

10  UBC's objection to conclusory statements about records not before the court or

11  corroborated by an affidavit of a records custodian, and joins in UBC's motion to strike

12  paragraph 15 of the declaration of plaintiffs' counsel.").)

13         Plaintiffs responded to Defendants' evidentiary challenge, but in a cursory fashion.

14  (Reply (Dkt. # 64) at 3-4.)  Plaintiffs asserted that their joint declaration in support of

15  class certification (Dkt. # 37) "attache[d] the relevant records for the Court to review."

16  (Reply at 3-4.)  Plaintiffs, however, never submitted the ConnecTel spreadsheet which

17  forms the evidentiary basis of their putative class (or even a representative sampling of

18  the spreadsheet) to the court—a fact Plaintiffs' counsel acknowledged in oral argument.

19  In addition, despite their commitment to do so, Plaintiffs never refined the number of

20  claimed calls in their reply memorandum.  Thus, the court concludes that the problem

21  was not that Plaintiffs were unaware of the issues at hand, but simply that they failed to

22  take them seriously and appropriately respond until after oral argument.  Under these

ORDER- 3

1   circumstances, the court cannot conclude that Plaintiffs have established "good cause" to

2   submit additional class certification materials outside the bounds of its scheduling order.

3       **B.  Plaintiffs' Motion is Moot**

4           Even if Plaintiffs' motion established good cause for a modification of the court's

5   scheduling order, the court would still deny it because the issues it raises are either moot

6   or would not alter the court's ruling.  To the extent that Plaintiffs' motion is directed at

7   the issue of numerosity under Federal Rule of Civil Procedure 23(a) (*see* Mot. (Dkt. # 77)

8   at 2-5), it is moot.  In its order on class certification, the court found that Plaintiffs met

9   the requirement of numerosity despite the court's reservations concerning the evidence

10  Plaintiffs' submitted.  (10/4/12 Order at 6-7, n.4; 22-23, n.8.)  Further, to the extent that

11  Plaintiffs' motion or the attached declarations address the Dish Network recordings that

12  were contained on the ConnecTel disc, and urge the court not to rely on these recordings

13  as a basis for denying class certification, Plaintiffs' motion is again moot.  The court

14  expressly stated that it would not rely upon the Dish Network calls or recordings "as a

15  basis for any portion of its order."  (10/4/12 Order at 6, n.3.)

16          In addition, the new evidence submitted by Plaintiffs does not alter the court's

17  conclusions with respect to any other aspect of the court's order on class certification.

18  The court has already rejected Plaintiffs' interpretation of Washington's Automatic

19  Dialing and Announcing Device Statute ("WADAD"), RCW 80.36.400, as prohibiting

20  the use of such devices for commercial solicitation even where the message left does not

21  constitute "the unsolicited initiation of a telephone conversation" as required under RCW

22  80.36.400(1)(b).  (*See* 10/4/12 Order at 20 (citing *Cubbate v. Talbots, Inc.*, No. C09-

1   91BHS, 2010 WL 2710628, at *5 (W.D. Wash. July 7, 2010); *see also id.* at 27.)

2   Nothing in Plaintiffs' supplemental submissions alters the court's analysis or conclusions

3   in this regard.

4         Plaintiffs suggest that to the extent that some of the calls on the ConnecTel list

5   were placed to mobile telephones,[2] Plaintiffs could contract with a service to "scrub"

6   these telephone numbers from the list.  First, Plaintiffs' "solution" might inadvertently

7   "scrub" legitimate putative class members.  Just because a mobile telephone was called

8   does not mean that it was not located within Washington at the time it was called.  That is

9   the point of the court's order:  we simply cannot tell where a mobile telephone was

10  located at the time of the call in question without an evidentiary hearing.  Thus, Plaintiffs

11  appear to be asserting a position at odds with a portion of their own putative class.

12        Even assuming, however, that Plaintiffs' proposal to "scrub" mobile telephone

13  numbers would resolve the issue surrounding whether the class members' telephones

14  were located within Washington at the time Defendants' call was received, it does not

15  resolve the court's remaining concerns regarding how this litigation can be managed

16  reasonably as a class.  Even assuming that a jury concluded that the calls placed to

17  Plaintiffs by Defendants violated WADAD, the court would still need to hold individual

18

19

---

20        [2] Plaintiffs suggestion that there is no evidence on the record that some of the calls were
21  made to mobile telephones is incorrect.  Mr. Adam Shoger, the Chief Executive Officer of IPS,
    testified that "IPS could not know with absolute certainty where the business owners were
    located due to new technology in the telecommunication industry."  (Shoger Decl. (Dkt. # 50) ¶
22  2; *see also* Sullivan Decl. Ex. C (Shoger Dep.) at 45:11-25.)

1    hearings with respect to calls made to each putative class member to determine if a

2    message was in fact played, and if so, which message was played.

3            Indeed, the evidence submitted by Plaintiffs reinforces the court's conclusions

4    regarding class certification.  Along with their motion to supplement the record, Plaintiffs

5    submitted a sampling of pages from the ConnecTel spreadsheet for the court to review.

6    (10/4/12 Williamson Decl. (Dkt. # 78) Exs. G, H.)  The only pertinent information that

7    the spreadsheet provides is (1) the date and time of Defendants' call, (2) the telephone

8    number Defendants called, and (3) the connection time.  (*See id.* ¶ 13; 2nd Peralta Decl.

9    (Dkt. # 80) ¶ 4.)  The connection times on the sampling of the spreadsheet provided by

10   Plaintiffs varies from one second to 104 seconds, with a large variety of intermediate

11   time periods.  (10/4/12 Williamson Decl. Exs. G, H.)

12           More significant than the type of information provided by the spreadsheet is the

13   type of information it does not supply.  The spreadsheet does not indicate whether the call

14   was answered by a live person, some type of answering machine, or simply disconnected

15   before a message was played.  Further, ConnecTel does not have any records that can

16   determine which calls were answered by a live person or a machine.  (Supp. Peralta Decl.

17   ¶¶ 10, 12.)  This information is significant because different recordings were played

18   depending on whether ConnecTel's platform detected a live person or a machine.

19   (Sullivan Decl. (Dkt. # 43) Ex. C at 30:21-31:8; 32:10-20; 33:4-34:10.)  The spreadsheet

20   also does not indicate what message was left with each call or even if a message was left

21   at all.  The only indication on the spreadsheet is a connection time, but the fact that the

22   call was connected does not establish that a message was left.  Accordingly, even if the

1 | court were to consider Plaintiffs' supplemental submissions with respect to Plaintiffs'

2 | motion for class certification, the court would not amend its order.

3 | **III.     CONCLUSION**

4 | Based on the foregoing, the court DENIES Plaintiffs' motion to supplement the

5 | record with regard to their motion for class certification (Dkt. # 77) because (1) Plaintiffs

6 | have failed to establish good cause to file class certification materials outside the time

7 | limits set by the court's scheduling order, and (2) the issues raised in the motion are

8 | either moot or would not alter the court's prior ruling with respect to class certification.

9 | Dated this 9th day of October, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 7